## THE BALTIMORE.

## THE DASORI.

### HOME INS. CO. v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(District Court, S. D. New York. April 10, 1893.)

COLLISION—STEAM VESSELS CROSSING.

Collision occurred between a scow insured by libelant, when going up the North river in tow of the tug D., and the ferryboat B., leaving her slip in New York to cross the river. The D. whistled twice, but the pilot of the ferryboat did not heed the signal, and kept on to cross the bows of the tow after he had observed her threatening approach. *Held*, that the ferryboat was in fault; but as the starboard hand rule required the D. to keep out of the way, and as she attempted to cross the bow of the ferryboat, *held*, that she took the risk of the attempt. She was also in fault for not heeding the long whistle of the B., and in not giving danger signals. The damages were therefore divided.

In Admiralty. Libel of the Home Insurance Company against the Mayor, Aldermen, and Commonalty of the City of New York, and also against the Pennsylvania Railroad Company, to recover for a collision. Decree for libelant.

Carpenter & Mosher, for libelant.
Ward & Sterling, for the Mayor, etc., of City of New York.
Robinson, Biddle & Ward, for Pennsylvania R. Co.

BROWN, District Judge.    About 5 o'clock in the afternoon of May 20, 1890, as dumping scow No. 6 was going up the North river in tow on the starboard side of the city's steam tug Dasori, bound for the foot of Canal street, the scow came in collision with the railroad company's ferryboat Baltimore, which had just come out of her slip at Desbrosses street, and the port quarter of the ferryboat carried away part of the bow of the scow.    The above libel was filed to recover the damages.

There is considerable contradiction in the details of the evidence. But there is one fault which stands out clearly on each side, for which I find no legal justification or excuse, viz.:

1. On the part of the ferryboat:    That her pilot did not observe the Dasori's signal of two whistles, and when arriving near the mouth of the slip, a point from which he could undoubtedly perceive the near and threatening position of the Dasori, gave one whistle, and went on in the face of danger of collision, instead of reversing and stopping at the mouth of the slip, as he might and should have done under such circumstances, in accordance with old rule 21.    The Greenpoint, 31 Fed. Rep. 231; The Rockaway, 38 Fed. Rep. 856, affirmed 43 Fed. Rep. 544.

2. On the part of the Dasori:    That she did not take proper maneuvers to keep out of the way, by stopping and reversing as she might have done when she saw the Baltimore coming out of her slip, the Dasori being bound to keep out of the way, as the Baltimore was on her own starboard hand.    But instead of that, the Dasori gave two whistles, undertaking to cross her bow, which she could not do without collision.    She was also in fault for not attending to the long whistle given by the Baltimore before leaving her slip and not governing herself accordingly; either by giving at once a danger signal to apprise the Baltimore of her presence, the view of the Baltimore being obscured by the shed between them, or by stopping at once and reversing, which would have avoided collision.

The libelant is, therefore, entitled to recover damages against both respondents, with costs.